UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUAN R. LOPEZ-VILLANUEVA, | Case No. 2:15-cv-00156-JAD-PAL |
| Plaintiff, | ORDER |
| v. | (Mot/Stip Ext Disc – Dkt. #23) |
| MARIO RODRIGUEZ MARIN, et al, | (Mot WD Counsel – Dkt. #25) |
| Defendants. | |

The court held a hearing on the parties' Joint Motion/Stipulation for Extension of Close of Discovery and Pre-Trial Deadlines (Third Request) (Dkt. #23) on November 30, 2015. Anthony Ashby appeared on behalf of the Plaintiff, and Raymond McKay appeared on behalf of the Defendants.

The complaint in this case was filed in state court and removed (Dkt. #1) January 27, 2015. It arises out of a motor vehicle accident on January 7, 2013, allegedly resulting in personal injuries to the Plaintiff. It was removed based on diversity jurisdiction among the parties. Plaintiff alleges he was a passenger in a vehicle owned by Javier Reyes Escobar being driven by Ruby Nahun, and that the vehicle was struck by a 2012 Volvo tractor trailer owned by Defendant FFE Transportation Services, Inc. The tractor trailer was driven by Defendant Marin who failed to slow down for traffic conditions and collided into the rear of Plaintiff's vehicle. The complaint asserts claims for negligence; negligence per se; negligent entrustment; joint and several liability; agency/respondeat superior/vicarious liability and negligent hiring, training, supervision and policy/procedures.

The initial Discovery Plan and Scheduling Order (Dkt. #14) was entered March 13, 2015, and set a July 27, 2015 discovery cutoff. The parties requested and received a 90-day extension of the discovery plan and scheduling order deadlines in a Stipulation (Dkt. #15) and Order (Dkt.

1

#16) entered June 2, 2015.  The parties filed a Joint Motion to Extend the Discovery Plan and Scheduling Order Deadlines (Dkt. #19) on October 15, 2015, and were granted an additional 60-day extension.  The current discovery cutoff is December 28, 2015.

On October 27, 2015, Defendants filed a Motion for Summary Judgment (Dkt. #20).  The motion for summary judgment is based on deposition testimony and exhibits produced in discovery in this case.  Plaintiff alleges that he was a passenger in the vehicle that was rear-ended by the tractor trailer driven by Mr. Marin.  However, Nevada Highway Patrol Trooper Amber Poehl testified that she investigated the accident, prepared the traffic accident report and took photographs of the three occupants of the vehicle which was rear-ended by Mr. Marin's vehicle. The Plaintiff was not at the accident scene and was one of the occupants of the vehicle.

The joint motion indicates that counsel for Plaintiff intends to file a motion to withdraw based on this testimony and that neither side wishes to engage in additional expensive discovery until the motion for summary judgment is decided.  The parties have therefore requested a six-month extension of the existing discovery cutoff, deadline for filing dispositive motions and deadline for filing the joint pretrial order.

At the hearing, counsel for Plaintiff indicated that he believed the motion to withdraw had been filed and only learned that morning that it had not been filed.  He indicated the motion to withdraw would be filed by the end of the day.  His client has been attempting to obtain substitute counsel, but has not been able to do so to date.  Counsel for Plaintiff spoke to counsel for Defendant about withdrawing the motion for summary judgment so the client would not be prejudiced while attempting to find new counsel.

The Motion to Withdraw represents counsel and his client have reached an impasse and counsel no longer believes he can ethically represent the Plaintiff.

Having reviewed and considered the matter, and Plaintiff's counsel having filed the Motion to Withdraw as Counsel (Dkt. #25), the court will deny the joint motion for a 6 month extension but impose a 30-day stay to allow the Plaintiff to obtain substitute counsel or file a statement with the court that he will be appearing pro se, that is, representing himself.  The response to the motion for summary judgment will be due thirty days thereafter.

2

**IT IS ORDERED** that:

1. The parties' Joint Motion/Stipulation for Extension of Close of Discovery and Pre-Trial Deadlines (Third Request) (Dkt. #23) is **DENIED without prejudice.**

2. Attorneys Anthony Ashby and Ramzy Ladah's Motion to Withdraw (Dkt. #25) is **GRANTED.**

3. Plaintiff shall have until December 30, 2015, to obtain substitute counsel who shall make an appearance in accordance with the Local Rules of Practice if he has been able to find substitute counsel.  If not, Plaintiff will be required to file a statement with the court indicating that he will be appearing pro se, that is, representing himself.

4. A 30-day stay is imposed while Plaintiff attempts to retain substitute counsel or decided whether to represent himself.  The stay will automatically expire **December 30, 2015**.

5. Plaintiff shall have until **January 29, 2016**, in which to file a response to the motion for summary judgment.

6. Counsel for Plaintiff shall serve a copy of this order on his client and file proof of service with the clerk of court.

7. The clerk of court shall serve the Plaintiff with a copy of the court's standing *Klingele* order at his last known address:

   Juan R. Lopez-Villanueva
   2880 S. Decatur Blvd. Apt. 10
   Las Vegas, NV  89102
   (702) 612-3816

8. Failure to timely comply with this order to retain substitute counsel, or file a statement with the court that Plaintiff will be representing himself, may result in the imposition of sanctions up to and including a recommendation to the district judge that the case be dismissed.

/ / /

/ / /

/ / /

3

9.   Plaintiff shall keep the court and opposing counsel apprised of an address at which he can be reached for service and contact by the court and opposing counsel, and promptly notify the court and opposing counsel of any change of address.

DATED this 3rd day of December, 2015.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4